# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**STEVEN PINDER**  **PLAINTIFF**
**ADC # 123397**
**v.**                           **2:20-CV-00201-BSM**

**WELL PATH, LLC,** *et al.*                                            **DEFENDANTS**

## ORDER

The Eighth Circuit Court of Appeals is correct that "the claim-by-claim approach is 'consistent with the plain language of [28 U.S.C.] § 1915A(b)'" and Magistrate Judge Joe J. Volpe is absolutely correct that "Congress intended the imminent danger "safety valve" to be narrowly construed" and that the adoption of the "all-or-nothing approach would turn this narrowly intended safety valve into a floodgate by allowing three strikers who assert one imminent danger claim to also proceed with innumerable non-imminent danger claims merely because they are included in one complaint." Recommended Disposition, Doc. No. 254 at 7–8 (internal citations omitted). Although several circuits have rejected the claim-by-claim approach, for the reasons explained in Judge Volpe's Recommended Disposition those circuits simply got it wrong.

For these reasons, Judge Volpe's recommended disposition [Doc. No. 254] is adopted, and defendants' motion to revoke Steven Pinder's *in forma pauperis* status on appeal is granted. Pinder has fourteen days to pay the $605 appellate filing fee in full. It is further recommended that the Eighth Circuit adopt the claim-by-claim approach when analyzing the imminent danger exception under 28 U.S.C. section 1915(g). Pinder's motion for leave to

appeal *in forma pauperis* [Doc. No. 257] is denied because defendants' motion to revoke Pinder's *in forma pauperis* status is granted.  Pinder's motion to appoint counsel on appeal [Doc. No. 259] is denied as moot.

    IT IS SO ORDERED this 8th day of October, 2025.

_____
UNITED STATES DISTRICT JUDGE